# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 07-60228
Summary Calendar

JOHN STEPHAN PARISIE

Plaintiff-Appellant

v.

CHRISTOPHER EPPS, Mississippi Department of Corrections, Commissioner, in his individual and official capacities; SUPERINTENDENT EMMITT L SPARKMAN, Mississippi Department of Corrections Deputy Commissioner, in his individual and official capacities; JESSIE STREETER, Warden, Area IV, in his individual and official capacities; EARL JACKSON, Assistant Warden, Unit 24, in his individual and official capacities; SAM WEBB, Associate Warden, Unit 32, in his individual and official capacities; JIM PARKER, Deputy Warden, Area IV, in his individual and official capacities; LARRY HARRIS, Captain, Unit 32 Administrator, in his individual and official capacities; ANTHONY PORTER, Captain, Unit 32-A, in his individual and official capacities; LINDA ROBERSON, Case Manager, Unit 32-A, in her individual capacity; DR CLYDE GLENN, Psychiatrist, University of Medical Center, in his individual and official capacities; DR UNKNOWN POWELL, Supervising Psychiatrist, University Medical Center, in his individual and official capacities; TED WOODRELL, Chief Administrator, University Medical Center, in his individual and official capacities; CHARLES HAMPTON, Director, Mississippi Department of Corrections Classification, in his individual and official capacities; MICHELLE FEAZELL, Director Mississippi Department of Corrections Classification, CMCF, in her individual and official capacties; LARRY HARDY, Legal Claims Adjudicator, in his individual and official capacities; TERRENCE SHIRLEY, Director, Correctional Medicine, in his individual capacity; DR KIM MYUNG, Medical Doctor, in her individual and official capacities

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-161

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant John Stephan Parisie, Mississippi prisoner # K8188, appeals the district court's judgment granting summary judgment in favor of the defendants and dismissing his 42 U.S.C. § 1983 complaint. Parisie filed his § 1983 suit against various prison doctors, officials, and employees of the Mississippi Department of Corrections, seeking redress for the injuries he asserts that he suffered as a result of the conditions of his confinement in Unit 32 at the Mississippi State Penitentiary in Parchman. Parisie has also filed a motion to dismiss the appellees' letter brief.

We review de novo a district court's order granting a party's summary judgment motion. *Hernandez v. Velasquez,* 522 F.3d 556, 560 (5th Cir. 2008). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In making this determination, we review the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. *Hernandez*, 522 F.3d at 560. If the moving party meets his burden of showing that no genuine issue exists, the burden shifts to the non-moving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parisie contends that he is entitled to compensatory damages because he "proved conclusively that he developed hypertension as a result of his unconstitutional confinement under inhumane conditions" in Unit 32. Parisie does not challenge the district court's finding that he was not entitled to injunctive relief or punitive damages. Moreover, he concedes that he is not entitled to punitive damages. In failing to challenge the district court's findings or to identify any error in the district court's judgment regarding his claims for injunctive relief and punitive damages, Parisie has abandoned these claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1995) (noting that even pro se appellants must brief arguments to preserve them); FED. R. APP. P. 28(a); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (noting that the failure to identify any error in court's analysis is the same as if appellant had not appealed the judgment). Parisie also does not challenge the district court's finding that he failed to state a cause of action against Dr. Kim Myung for deliberate indifference to his medical needs, and he has also abandoned that issue on appeal. *See Yohey*, 985 F.2d at 225.

As for his claim for compensatory damages, Parisie asserts that he was diagnosed in March 2003 with hypertension, which he contends resulted from the conditions of his confinement in Unit 32. Parisie attached medical records in support of his contention that indicate that "hypertension" was noted on his chart in March 2003. However, Parisie admitted in his original complaint that he had taken medication for high blood pressure prior to his arrest.

Although this court reviews the evidence and the inferences drawn from it in the light most favorable to the nonmoving party, *see Hernandez*, 522 F.3d at 560, we have recognized that a district court is, nevertheless, free to grant summary judgment if it concludes that the evidence presented in support of a position is "insufficient to allow a reasonable juror to conclude that the position more likely than not is true." *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 755 (5th Cir. 2000) (internal quotation marks and citation omitted).

Because the evidence presented by Parisie is insufficient to allow a reasonable juror to conclude that his hypertension was caused by the conditions of his confinement, we AFFIRM the district court's judgment. Parisie's motion to strike the appellees' brief is DENIED.

Because the evidence presented by Parisie is insufficient to allow a reasonable juror to conclude that his hypertension was caused by the conditions of his confinement, we AFFIRM the district court's judgment. Parisie's motion to strike the appellees' brief is DENIED.